UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

    Plaintiff,

v.                                Case No.:  2:24-cv-601-SPC-KCD

SHEVAUN HARRIS, BEN SLOCUM, GARAD ANDERSON and COURTNEY JONES,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Juan Francisco Vega's Amended Complaint (Doc. 4). Vega is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he brings this 42 U.S.C. § 1983 action against four officials involved in the administration of the FCCC. United States Magistrate Judge Kyle Dudek granted Vega leave to proceed *in forma pauperis*, to the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass,* 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Vega is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Vega filed his Amended Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendants deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal

connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Vega's Amended Complaint claims the defendants' administration of the FCCC violates his Fourteenth Amendment rights. He organizes his factual allegations into three "issues." First, Vega asserts the FCCC is understaffed. He has calculated his own employment quotas for resident treatment assistants, control technicians, recreational therapists, doctors, and dentists, and he alleges the FCCC does not meet those quotas.

Vega lacks standing to challenge the FCCC's staffing levels because he does not allege he has suffered any injury due to a lack of adequate staffing. "Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction." *JW by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1264 (11th Cir. 2018). To plead standing, a plaintiff must allege he "has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri,* 144 S. Ct. 1972, 1986 (2024) (quoting *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013)).

As a civilly committed person, Vega is entitled to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." *Youngberg v. Romeo,*

3

457 U.S. 307, 324 (1982). But when determining whether a state meets its obligations to detainees, "decisions made by the appropriate professionals are entitled to a presumption of correctness." Id. Vega cannot create standing by creating his own staffing quotas, then alleging the FCCC does not meet them. Because Vega does not allege he suffered or will suffer any concrete, particularized, and actual or imminent injury traceable to the FCCC's staffing levels, he does not have standing to challenge them.

Second, Vega asserts the Supreme Court's decision in *Kansas v. Hendricks*, 521 U.S. 346 (1997) entitles him to 30.5 hours of sex offender treatment per week, and he alleges the FCCC is not meeting that threshold. But *Hendricks* creates no such entitlement. When evaluating whether Kansas's Sexually Violent Predator Act was punitive, the Court mentioned that Hendricks received around 31.5 hours of treatment per week. *Hendricks*, 521 U.S. at 368. It did not create a federal right for civilly committed sexually violent predators in Florida to receive a certain number of treatment hours per week. As with the staffing issue, Vega does not allege the amount of sex offender treatment offered at the FCCC caused or will cause him concrete, particularized, and actual or imminent injury. Vega's vague claim that "it adversely affects [sic] the duration of civil detention for treatment of all residents, including Plaintiff" is not enough because Vega does not allege facts

4

suggesting the lack of adequate treatment has extended his commitment. (Doc. 4 at 10).

Third, Vega argues FCCC policies are overly restrictive because they control when and where residents may move throughout the facility. He argues strict schedules and confinement to particular areas of the FCCC "exasperates antisocial personality disorders and spawns abnormal behaviors." (*Id.* at 11).

The Fourteenth Amendment does not allow a state to punish civilly committed detainees merely because they are civilly committed. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 912 (11th Cir. 2020). But "a civilly committed individual's right to freedom from bodily restraint is not absolute." *Id.* The policies Vega attacks are unquestionably legal in the context of the FCCC. As the Supreme Court explained in *Bell v. Wolfish*,

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible

5

during confinement does not convert the conditions or restrictions of detention into "punishment."

441 U.S. 520, 537 (1979). The FCCC is charged with detaining sexually violent predators. Like a pretrial detainee awaiting trial, Vega is lawfully confined to a facility, and that confinement necessarily involves some restrictions. Vega does not allege any restrictions that could arguably be considered unconstitutionally punitive measures.

Vega's Amended Complaint fails to state a plausible claim, so the Court will dismiss it without prejudice. Because Vega has already had an opportunity to amend his complaint, the Court will close this case. If Vega suffers a concrete and particularized injury due to the FCCC's staffing levels or sex offender treatment, he may file a new action.

Accordingly, it is now **ORDERED:**

Plaintiff Juan Francisco Vega's Amended Complaint (Doc. 4) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment dismissing this action, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 22, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record