UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

    Plaintiff,

v.                                                                      Case No.: 2:24-cv-601-SPC-KCD

SHEVAUN HARRIS, BEN SLOCUM, GARAD ANDERSON and COURTNEY JONES,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Juan Francisco Vega's Motion to Alter or Amend Judgment for Reinstatement of Case for Failing to Rule on Ground Four (Doc. 19). Vega is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he sued four FCCC officials for alleged violations of his civil rights. Vega organized his Amended Complaint (Doc. 4) into three "issues." The Court considered each before dismissing the Amended Complaint for failure to state a claim. Vega now argues the Court failed to address a fourth claim he imbedded in his third issue.

Vega's third issue complained the FCCC's restrictions on when and where residents could move throughout the facility are too restrictive. He described the restriction as "10 minute movement on the hour and virtual

confinement to each housing dormitories." (Doc. 4 at 10). Here is the allegation Vega now points to as his fourth claim:

> In addition, to the above matter, all residents including the Plaintiff are being compelled to remain at the Recreation Yard until the one hour movement without staff supervision and without toilets and urinals causing same to urinate and defecate publicly or on self which is disgusting and inhuman.

(Doc. 4 at 11). This allegation is not on par with the two Eleventh Circuit cases Vega cites in his motion, *Bilal v. GEO Care, LLC*, 981 F.3d 903 (11th Cir. 2020) and *Brooks v. Warden*, 800 F.3d 1295 (11th Cir. 2015).

The first difference is the lack of specificity. *Bilal* and *Brooks* centered on specific incidents of the defendants in those cases depriving the plaintiffs access to bathrooms. Vega's vague claim that he has soiled himself is not enough—he does not allege any particular occurrence that can be attributed to a defendant's unreasonable conduct. What is more, the degree of the deprivation alleged by Vega does not compare to *Bilal* or *Brooks*. Bilal alleged he was "forced to defecate in his clothing and sit in his excrement for about 300 miles" because FCCC officials refused access to a bathroom during a 600-mile drive. *Bilal*, 981 F.3d at 914. Brooks alleged he "was forced to defecate into his jumpsuit and sit in his own feces for two days during his three-day hospital stay" because prison officials refused to lower his waist chain so he could use the toilet. *Brooks*, 800 F.3d at 1303. Vega does not allege a comparatively extreme deprivation. People throughout society—from children in school to

2

attorneys in courtrooms—are regularly expected to go an hour without a bathroom break.

The Court finds no good cause to reopen this case. That said, the dismissal is without prejudice. If Vega believes a defendant has unreasonably denied him access to a bathroom, he can file a new action.

Accordingly, it is now

**ORDERED:**

Plaintiff Juan Francisco Vega's Motion to Alter or Amend Judgment for Reinstatement of Case for Failing to Rule on Ground Four (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 5, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3